# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**TIMOTHY BURCHFIELD**                                                        **PETITIONER**
ADC # 122632

**VS.**                        **NO. 5:05CV00350 BD**

**LARRY NORRIS, Director,**
**Arkansas Dept. of Correction**                                       **RESPONDENT**

## ORDER

**I.**     **Background**

Petitioner Timothy Burchfield was convicted by a jury of manufacturing methamphetamine, possession of drug paraphernalia with intent to manufacture methamphetamine, and possession of methamphetamine. He was sentenced to a term of twenty-five years in the Arkansas Department of Correction. His trial counsel filed a notice of appeal of his conviction with the Arkansas Supreme Court. Stating there was no merit to the appeal, Petitioner's attorney filed a brief and motion to be relieved as counsel under *Anders v. California*, 386 U.S. 738 (1967) and Ark. Sup. Ct. R. 4-3(j). *Burchfield v. State*, No. CARC02-1191, 2004 WL 304328, at *1 (Ark. App. Feb. 18, 2004). Petitioner then filed a pro se brief arguing insufficient evidence of manufacturing methamphetamine, and double jeopardy based on convictions for both manufacturing and possession of methamphetamine. The Arkansas Court of Appeals found both points raised by Petitioner lacked merit and affirmed his conviction. *Id*. at *2.

1

On March 3, 2004, Petitioner filed a petition for post-conviction relief with the trial court pursuant to Ark. R. Crim. P. 37.1 claiming: (1) ineffective assistance of counsel at trial; (2) trial court error in admitting evidence that was seized in violation of the Fourth Amendment; (3) prosecutorial misconduct; (4) violation of the privilege against self-incrimination; (5) mental incompetence; (6) excessive sentencing; (7) pre-text; (8) double jeopardy; (9) trial court error in admitting evidence pursuant to an unlawful arrest; and (10) ineffective assistance of counsel on appeal. On June 23, 2004, the trial court held a hearing on the Rule 37 petition, and on September 30, 2004 entered an order dismissing the petition for lack of jurisdiction. The trial court ruled that because Petitioner had filed his petition on March 3, 2004, six days before the Court of Appeals issued its mandate affirming the conviction, it lacked jurisdiction to hear the petition. Petitioner appealed the trial court's order, and on May 12, 2005, the Arkansas Supreme Court dismissed the appeal, ruling that the trial court never had jurisdiction. *Burchfield v. State*, No. 05-325, 2005 WL 1120256 at * 1 (May 12, 2005).

Soon after the Arkansas Supreme Court dismissed his appeal, Petitioner filed an application for executive clemency with the Governor of Arkansas. By letter dated December 12, 2005, then-Governor Mike Huckabee denied Petitioner's application. On December 16, 2005, Petitioner filed this habeas petition claiming: (1) his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; (2) he was denied effective assistance of counsel; (3) the Arkansas Supreme Court erred in denying his

appeal of the trial court's ruling on his post-conviction Rule 37 petition; and (4) excessive sentencing.

Respondent asserts that Petitioner's claims are barred by the statute of limitations, or alternatively that they are procedurally barred because he failed to present them properly to the state court. For the reasons set forth below, Petitioner's claims are barred by the statute of limitations.

## II. Analysis of Petitioner's Claims

A. <u>Petitioner's Claims are Barred by the Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), established a one year statute of limitations during which a state prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides the limitation period shall run from, "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." Under United States Supreme Court Rule 13, a petition for writ of certiorari is timely if filed within ninety days after the entry of the judgment in question. When a petitioner does not file a petition within the prescribed period, his convictions become final. *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999)(state court judgment becomes final under 2244(d)(1)(A) upon the expiration of the time for filing a petition for writ of certiorari).

The Arkansas Court of Appeal affirmed Petitioner's conviction on February 18, 2004. Respondent argues that because Petitioner did not petition the Supreme Court of Arkansas for review of the decision, the Petitioner never received a ruling from the state's highest court and was not eligible to petition for writ of certiorari to the United States Supreme Court. Thus, Respondent argues, the statute of limitations began running on February 18, 2004, when the Court of Appeals affirmed.

In this case, it is not necessary to decide whether Petitioner's choice not to petition the Arkansas Supreme Court for review deprived him of the ninety-day period for filing a petition for certiorari with the United States Supreme Court because, even if the Court allows Petitioner the ninety day period, Petitioner's habeas petition still does not fall within the one-year statute of limitations period. Allowing Petitioner the ninety-day period, the statute of limitations on Petitioner's claim would have expired on May 18, 2005, several months before his habeas petition was filed on December 16, 2005.

B.      Petitioner's Filings Did Not Toll the Statute of Limitations

Petitioner claims that the statute of limitations should be tolled during the period between the filing of his Rule 37 petition and the Arkansas Supreme Court's dismissal of the appeal of the trial court's order, and then again during the time his application for executive clemency was pending. The statute does not support either argument.

1. Petitioner's Rule 37 Petition

Title 28 U.S.C. § 2244(d)(2), provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." However, a petition for Rule 37 post-conviction relief that is not filed within 60 days of the mandate being issued is not a "properly filed application for state post-conviction or other collateral review" and 28 U.S.C. § 2244(d)(2)'s tolling provision does not apply. *Pace v. DiGuglielmo*, 544 U.S. 408, 410-417 (2005); *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006); *Lewis v. Norris*, 454 F.3d 778, 781 (8th Cir. 2006). An application for post-conviction relief erroneously filed a by a clerk of the court lacking jurisdiction is pending but is not properly filed. *Artuz v. Bennett*, 531 U.S. 4, 9 (2000).

In this case, the Arkansas Supreme Court ruled that Petitioner did not file a timely Rule 37 petition in order for the trial court to have jurisdiction. *Burchfield v. State*, No. 05-325, 2005 WL 1120256 at * 1 (May 12, 2005); *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 2141 (2002) (holding that if the state supreme court clearly rules that the filing is untimely then that is the "end of the matter"). Accordingly, Petitioner's Rule 37 petition was not "properly filed" and the statute's tolling provision does not apply. Thus, Peitioner's time for filing a petition under 28 U.S.C. § 2254 expired, at the latest, on May 18, 2005, several months before he filed his petition.

2. Petitioner's Application for Executive Clemency

Petitioner claims that after the Arkansas Supreme Court dismissed his appeal on May 12, 2005, he filed an application for executive clemency that remained pending until December 12, 2005.[1] Petitioner argues that the statute of limitations was tolled under 28 U.S.C. § 2244(d)(2) while the executive clemency application was pending. Petitioner does not cite the Court to any authority supporting his argument. Upon review of the relevant case law, it appears that there is no Eighth Circuit case directly addressing whether an application for executive clemency tolls the statute of limitations under 28 U.S.C. § 2244(d)(2).

The Ninth Circuit considered this issue, however, in *Malcom v. Payne*, 281 F.3d 951 (9th Cir. 2002). Like in the instant case, the habeas petitioner in *Malcom* argued that his petition for clemency under Washington state law tolled the statute of limitations under 28 U.S.C. § 2244(d)(2). *Id*. at 957. The court looked at the plain language of the statute to determine whether the clemency petition fell within the meaning of the phrase "post conviction and other collateral review" in the statute. The Ninth Circuit Court concluded:

---

[1] Petitioner does not allege a specific date when the application for clemency was filed and does not attach a copy of the application. Assuming Petitioner's allegation that he applied for executive clemency after receiving the Arkansas Supreme Court's opinion is true, the earliest Petitioner may have applied for executive clemency was May 13, 2005, five days before the statute of limitations ran on his habeas claim.

6

> The overall scheme of the AEDPA amendments is consistent with the conclusion that "post conviction and other collateral review" is *judicial proceedings*. Analyzing AEDPA in related circumstances, we have stated that § 2244's statute of limitations provision, and its concomitant tolling exception, must be read in context with the exhaustion requirement of 28 U.S.C. § 2254(c). See *Nino*, 183 F.3d at 1005. The Supreme Court, in fact, recently observed that "[t]he tolling provision of § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period." *Duncan v. Walker*, 121 S.Ct. at 2128. Reading § 2244(d)(2)'s phrase "State post-conviction or other collateral relief" in light of § 2244(d)(1)'s limitations period and § 2254(c)'s exhaustion requirement confirms that clemency proceedings do not toll AEDPA's statute of limitations.

*Id*. at 959 (emphasis added). Under Washington state law, clemency is acted on by the state's executive branch wholly separate from the judiciary. The court concluded that the state prisoner's petition for clemency was not a judicial proceeding and, thus, was not "state post-conviction or other collateral review" that tolled the statute of limitations. *Id*.

Other courts interpreting the AEDPA have held that in order to trigger the tolling provision of § 2244(d)(2), the application must seek review of the judgment leading to the petitioner's incarceration. See *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002), cert. denied, 537 U.S. 1236, 123 S.Ct. 1360 (2003); *Branham v. Ignacio*, 83 Fed.Appx. 208, 209 (9th Cir. 2003), cert. denied, 541 U.S. 1077, 124 S.Ct. 2423 (2004); *Johnson v. Lewis*, 310 F.Supp.2d 1121, 1125 (C.D.Cal.2004); *Fleming v. Lazaroff*, 2006 WL 1804546, (S.D. Ohio June 28, 2006); *Lepper v. Crosby*, No. 8:04CV1880-T-17TBM, 2006 WL 1540280 at *4 (M.D. Fla. May 31, 2006); *Witkowski v. Vasbinder*, No. 04-CV-74232-DT, 2006 WL 618891 at *4 (E.D. Mich. Mar. 9, 2006). Courts have refused to

7

extend the tolling provision for motions for evidentiary materials and transcripts filed with the court, *Lloyd v. VanNatta*, 296 F.3d 630 (7th Cir. 2002), cert. denied, 537 U.S. 1121, 123 S.Ct. 856, 154 L.Ed.2d 802 (2003); *Hodge v. Greiner*, 269 F.3d 104, 107 (2nd Cir. 2001); motions for appointment of counsel, *Voravongsa*, 349 F.3d 1, 6-7 (1st. Cir. 2003); freedom of information requests, *Key v. Norris*, No. 5:07CV00018, 2007 WL 1114016 at *3 (E.D. Ark. April 11, 2007); motions to correct the record, *Witkowski*, supra, 2006 WL 618891 at *4; and motions for DNA testing, *Burton v. Runnels*, No. CIV S-02-0675 LKK PAN, 2006 WL 1062097 at *5 (E.D. Cal. April 21, 2006).

Under Arkansas law, a clemency proceeding is not a judicial proceeding, but rather is a wholly independent proceeding before the executive branch. Further, under Arkansas law, a clemency proceeding challenges the severity of a sentence, not the underlying judgment that led to the Petitioner's incarceration. *Pettit v. State*, 296 Ark. 423, 431, 758 S.W.2d 1, 5 (1988). An Arkansas petitioner may challenge the legality of a sentence under Arkansas Rule of Criminal Procedure 37. *Id*. However, if the sentence is within the lawful maximum for the crimes committed, has been put into execution, and an appeal has been taken, the trial court is without jurisdiction to modify, amend, or revise it, either during or after the term at which it was pronounced. *Id*. citing Rogers *v. State*, 265 Ark. 945, 582 S.W.2d 7 (1979).

The Court concludes that Petitioner's application for clemency was not "state post-conviction or other collateral review" that tolls the statute of limitations under the AEDPA. Accordingly Petitioner's claims are barred by the statute of limitations.

3.  Equitable Tolling

Petitioner's habeas petition is barred unless it is subject to equitable tolling. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. *Id*. (citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)). Equitable tolling is an "exceedingly narrow window of relief." *Id*. at 805; see e.g., *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (holding that pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate grounds to warrant equitable tolling); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (holding that petitioner's failure to recognize the importance of the one-year statute of limitations is not an extraordinary circumstance warranting equitable tolling).

The Court has carefully reviewed Petitioner's submissions and has liberally construed the pleadings. The Court cannot find anything in Petitioner's submissions to justify tolling the limitations period. Petitioner knew, or should have known through the

9

exercise of due diligence, of all filing deadlines and all of his claims by the day his convictions became final. Accordingly, because the petition was filed outside the one-year limitations period established by 28 U.S.C. § 2244(d), it must be dismissed.

## III. Conclusion

Petitioner's claims are barred by the statute of limitations. Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (#2) is DISMISSED in its entirety, with prejudice.

IT IS SO ORDERED this 26th day of April, 2007.

_____
United States Magistrate Judge